## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

*In re:*                                                Case No. 17-15581-AJC

FRANK PIERRE AND YOLA PIERRE,                Chapter 7

_____Debtors._____ /

JACQUELINE CALDERIN, Chapter 7
Trustee,

      Plaintiff,

v.                                                      Adv. Proc. No._____

OCWEN LOAN SERVICING, LLC, a
Delaware limited liability company,

_____Defendant._____ /

### COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

      JACQUELINE CALDERIN, the chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate of Frank Pierre and Yola Pierre (together, the "Debtors"), by and through undersigned counsel, sues OCWEN LOAN SERVICING, LLC ("Ocwen" or the "Defendant"), and states as follows:

### JURISDICTION AND VENUE

      1.      This adversary proceeding relates to the bankruptcy proceeding styled *In re Frank Pierre and Yola Pierre,* Case No. 17-15581-AJC (the "Main Case"), which the Debtors commenced by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with this Court on May 2, 2017 (the "Petition Date") [ECF #1 in Main Case].

2.      The Trustee brings this adversary proceeding against the Defendant to avoid and recover avoidable transfers made by the Debtors to the Defendant pursuant to sections 544, 548, and 550 of the Bankruptcy Code, and Florida Statute § 726.105 *et seq.*

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4.      This is a core proceeding for which this Court is authorized to hear and determine all matters and enter final judgments in accordance with 28 U.S.C. §§ 157(b)(2)(A), (E), (H), and (O).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

6.      The Plaintiff is the duly appointed chapter 7 Trustee of the bankruptcy estate (the "Estate") of Frank Pierre and Yola Pierre—the Debtors in the Main Case pending before the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

7.      The Defendant, Ocwen, is a Delaware limited liability corporation with its principal office in West Palm Beach, Florida.

## GENERAL ALLEGATIONS

### A. The Bankruptcy Case

8.      On the Petition Date, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Main Case (the "Petition") [ECF #1 in Main Case].

9.      Contemporaneous with the filing of the Petition, the Debtors filed schedules of assets and liabilities and statement of financial affairs in the Main Case (the "Schedules") [ECF #1 in Main Case].

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com**

10.    In their Schedules, the Debtors list assets with an aggregate scheduled value of $11,868 as of the Petition Date, and total liabilities of $1,509,010 as of the Petition Date.

11.    The majority of the Debtors' scheduled liabilities are attributed to priority claims and federal tax liens of the Internal Revenue Service (the "IRS") relating to the tax years 2004, 2005, 2006, and 2007, rendering the Debtors insolvent during the four years preceding the Petition Date.

### B. The Collins Property

12.    On or around January 20, 2004, the Debtors purchased the property located at 10175 Collins Avenue, Unit 808, Bal Harbour, Florida 33154 (the "Collins Property").

13.    On or around January 29, 2004, the Debtors executed a quitclaim deed transferring the Collins Property to Hiram Pierre, one of the Debtors' sons, in exchange for consideration of $10.00.

14.    On or around July 7, 2006, Hiram Pierre executed a quitclaim deed transferring the Collins Property to himself and Debtor Frank Pierre, in exchange for consideration of $10.00.

15.    On or around January 1, 2007, Hiram Pierre and Debtor Frank Pierre executed a quitclaim deed transferring the Collins Property to Hiram Pierre, Hassan Pierre (another son of the Debtors), and Yola Pierre, in exchange for consideration of $10.00.

16.    On or around March 16, 2007, the Debtors and Hiram Pierre executed a mortgage for the Collins Property in favor of Option One Mortgage Corporation ("Option One"), who loaned the Debtors and Hiram Pierre $630,000.00 (the "Mortgage").

17.    Upon information and belief, Ocwen is the entity servicing the Mortgage on the Collins Property.

18.    On or around November 4, 2008, Hiram Pierre, Hassan Pierre, and Yola Pierre executed a quitclaim deed transferring the Collins Property to Hassan Pierre and Hiram Pierre, in exchange for consideration of $10.00. Since that date, Hassan Pierre and Hiram Pierre have been the title holders of record for the Collins Property.

**C. The Transfers**

19.    Prior to December 5, 2016, the Debtors obtained loans (the "Loans") from certain family members, who expect repayment from the Debtors on account of such Loans.

20.    On or around December 5, 2016, less than five months before the commencement of the Debtors' Main Case, Debtor Yola Pierre, using the funds the Debtors received from the Loans, transferred the sum of $40,364.30 to Ocwen (the "Transfer") as a payment on the Collins Property Mortgage. A copy of the cashier's check evidencing the Transfer is attached hereto as **Exhibit "A"**.

21.    Upon information and belief, prior to the date of the Transfer and within the four-year period preceding the Petition Date, the Debtors remitted other payments to Ocwen on account of the Mortgage (collectively, and together with the Transfer, the "Transfers").

22.    The Transfers were made for the benefit of the Debtors' son Hiram Pierre—who, upon information and belief, is an obligor under the Mortgage—by reducing his obligations under the Mortgage. Hiram Pierre and Hassan Pierre also benefitted from such Transfers as the title holders of the Collins Property subject to the Mortgage at the time of the Transfers.

**COUNT I:**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**(Pursuant to 11 U.S.C. § 548(a)(1)(A))**

23.    The Plaintiff realleges and restates paragraphs 1 through 22 as if fully restated herein.

4

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com**

24.     Section 548(a)(1) of the Bankruptcy Code provides that:

> The trustee may avoid any transfer . . . of an interest of the debtor
> in property, or any obligation . . . incurred by the debtor, that was
> made or incurred on or within 2 years before the date of the filing
> of the petition, if the debtor voluntarily or involuntarily –
>
>> (A) made such transfer or incurred such obligations
>> with actual intent to hinder, delay, or defraud any entity to
>> which the debtor was or became, on or after the date that
>> such transfer was made or such obligation incurred,
>> indebted . . . .

11 U.S.C. § 548(a)(1)(A).

25.     The Debtors made the Transfers with the actual intent to hinder, delay, and defraud their creditors.

26.     Prior to and on the date of the Transfers, the Debtors had accumulated many significant, unpaid liabilities and had actual knowledge of the pending and potential claims against them.

27.     The Transfers were made at a time when the Debtors were insolvent, when the Debtors knew that their assets were insufficient to cover their liabilities, and when the Debtors were not paying their debts as they became due.

28.     The Transfers were of substantially all of the Debtors' non-exempt cash assets.

29.     The Debtors made the Transfers with disregard to the claims of their creditors, and knew that the Transfers would preclude their ability to satisfy their creditors.

30.     The Transfers were made for the benefit of the Hiram Pierre and Hassan Pierre, as the titleholders of the Collins Property subject to the Mortgage at the time of the Transfers, and for the benefit of Hiram Pierre, by reducing his obligations under the Mortgage.

31.     Accordingly, the Trustee is entitled to avoid and recover the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com**

32.      In addition to the relief available to the Plaintiff under 11 U.S.C. § 548 *et seq.*, the Plaintiff is also entitled to a money judgment for the value of the Transfers.

WHEREFORE, the Plaintiff, Jacqueline Calderin, respectfully requests entry of a final judgment in her favor and against the Defendant:

A.    Declaring the Transfers to be fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

B.    Avoiding the Transfers as a fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

C.    Requiring the payment to the Trustee in an amount not less than the amount of the Transfers made by the Debtors to the Defendant within the two years prior to the Petition Date, together with  pre- and post-judgment interest and the Trustee's reasonable attorneys' fees and costs; and

D.    Granting such other and further relief as may be just and proper.

## COUNT II:
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a))

33.      The Plaintiff realleges and restates paragraphs 1 through 22 as if fully restated herein.

34.      The Trustee has, as of the Petition Date, and without regard to any knowledge of the Trustee or a creditor of the Debtors, the rights and powers of, and may avoid any transfer of property of the Debtors that is voidable by:

(1)      a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; [or]

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists . . . .

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com**

*See* 11 U.S.C. § 544(a).

35.     Further, section 544(b) of the Bankruptcy Code provides that "a Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by the creditor holding an unsecured claim . . . ." *Id.* at § 544(b).

36.     Accordingly, section 544 of the Bankruptcy Code gives the Trustee the powers of a hypothetical, most favored lien and execution creditor as of the Petition Date, and allows the Trustee to exercise all remedies available to a creditor under applicable Florida law, including the right to assert claims under, *inter alia*, Florida Statute § 726.105.

37.     Florida Statute § 726.105 provides, in pertinent part, that:

> (1)     [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (a)     with actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

*See* Fla. Stat. § 726.105(1)(a).

38.     Claims of the Debtors' creditors arose prior to and after the Transfers were made by the Debtors to the Defendant.  On the Petition Date, these creditor claims remained in existence, and were outstanding and unpaid.

39.     The Debtors made the Transfers with the actual intent to hinder, delay, and defraud creditors of the Debtors.

40.     At the time the Defendant received the Transfers, there existed significant, unpaid creditor claims against the Debtors.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com

41. The Transfers were made at a time when the Debtors' liabilities exceeded their assets (i.e., when the debtors were insolvent on a balance sheet basis), and when the Debtors failed to pay debts as they became due.

42. The Transfers were of substantially all of the Debtors' non-exempt cash assets.

43. The Debtors made the Transfers with knowledge of the Debtors' insolvency and with disregard to the claims of their creditors. The Debtors knew that the Transfers would preclude the ability of the Debtors to satisfy their creditors.

44. Accordingly, the Trustee is entitled to avoid and recover the Transfers pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a).

45. Florida Statute § 726.108 provides that in an action for relief against a transferee under, *inter alia*, § 726.105, a creditor may obtain:

    a. avoidance of the transfer to the extent necessary to satisfy the creditor's claim;

    b. an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;

    c. an injunction against further disposition by the debtor or the transferee of the asset transferred or of other property;

    d. appointment of a receiver to take charge of the asset transfer or other property of the transferee; or

    e. any other relief the circumstances may require.

*See* Fla. Stat. § 726.108.

WHEREFORE, the Plaintiff, Jacqueline Calderin, respectfully requests entry of a final judgment in her favor against the Defendant:

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com

A. Declaring the Transfers to be fraudulent transfers pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a);

B. Avoiding the Transfers as a fraudulent transfers pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a);

C. Requiring the payment to the Trustee in an amount not less than the amount of the Transfers made by the Debtors to the Defendant within the four years prior to the Petition Date, together with  pre- and post-judgment interest and the Trustee's reasonable attorneys' fees and costs; and

D. Granting such other and further relief as may be just and proper.

Additionally, the Plaintiff reserves the right to seek additional, statutory relief against the Defendant, which may include, but is not necessarily be limited to, the remedies under Fla. Stat. § 726.108.

**COUNT III:**
**RECOVERY OF AVOIDED TRANSFERS**
**(Pursuant to 11 U.S.C § 550)**

46.     The Plaintiff realleges and restates paragraphs 1 through 22 as if fully restated herein.

47.     For the reasons set forth in Counts I and II above, the Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 544 and 548.

48.     The Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person or entity for whose benefit the Transfers were made.

49.     Accordingly, pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover the Transfers or the value thereof from the Defendant.

WHEREFORE, the Plaintiff, Jacqueline Calderin, respectfully requests entry of a final judgment in her favor and against the Defendant:

9

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com

A.     Declaring the Defendant to be either an initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or an entity for whose benefit the Transfers were made under 11 U.S.C. § 550(a)(1);

B.     Directing the Defendant to turn over to the Trustee the value of the Transfers made by the Debtors to the Defendant within the four (4) years prior to the Petition Date, or directing the return of the avoided Transfers in an amount not less than $40,354.30, plus pre- and post-judgment interest and the Trustee's reasonable attorneys' fees and costs; and

C.     Granting such other and further relief as may be equitable and just.

Dated: August 3, 2017

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for the Plaintiff*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. 305.722.2002     www.ecclegal.com

By: _____

Robert Paul Charbonneau
Florida Bar No: 968234
rpc@ecclegal.com
Tamara Van Heel
Florida Bar No: 107104
tvh@ecclegal.com

**Exhibit "A"**

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com

SERIAL #: 6612901192
ACCOUNT#:            3265

December 05, 2016

**$40,364.30**

VOID IF OVER US $  40,364.30

NON-NEGOTIABLE

Thank you, ALBANERI

Wells Fargo Bank
Transaction Receipt

$40,364.30
$40,364.30

## CASHIER'S CHECK

0066129
Office AU #    12100(6)    11-24

Remitter:           YOLA PIERRE
Purchaser:          YOLA PIERRE
Purchaser Account:  - 4856
Operator I D.:      u477654
Funding Source:     u475551
Electronic Item(s), Page Item(s)
PAY TO THE ORDER OF

***OCWEN LOAN SERVICING, LLC***
***REF#714-1900-675***

***Forty thousand three hundred sixty-four dollars and 30 cents***

Payee Address:
Memo:    16175 COLLINS AVE 808 MIAMI FL 33154

WELLS FARGO BANK, N.A.
9401 HARDING AVE
SURFSIDE  FL 33154
FOR INQUIRES CALL (480) 394-3122

NOTICE TO PURCHASER – IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO BANK MAY IMPOSE A FEE AND
REQUIRE AN INDEMNITY AGREEMENT AND BOND.

## Purchaser Copy

FB004   wi : 1109(5)41