**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                                  Case No.: 17-15581-AJC

FRANK PIERRE AND YOLA PIERRE,                Chapter 7
_____Debtors._____ /

## MOTION TO APPROVE SETTLEMENT AGREEMENT

**ANY INTERESTED PARTY WHO FAILS TO FILE AND
SERVE A WRITTEN RESPONSE TO THIS MOTION
WITHIN 21 DAYS AFTER THE DATE OF SERVICE
STATED IN THIS MOTION SHALL, PURSUANT TO
LOCAL RULE 9013-1(D), BE DEEMED TO HAVE
CONSENTED TO THE ENTRY OF AN ORDER IN THE
FORM ATTACHED TO THIS MOTION.        ANY
SCHEDULED HEARING MAY THEN BE CANCELED.**

Jacqueline Calderin, Chapter 7 Trustee (the "Trustee"), of the bankruptcy estate of Frank

Pierre and Yola Pierre (the "Debtors"), files this motion (the "Motion") pursuant to Rule 9019 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9013-1(D) and

9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of

Florida, for entry of an Order approving the settlement agreement attached hereto as **Exhibit**

**"A"** (the "Settlement Agreement") between the Trustee and the Debtors (together, the "Parties"),

and in support therefore states as follows:

## BACKGROUND

### A. The Bankruptcy Case

1.      On May 2, 2017 (the "Petition Date"), the Debtors filed a voluntary petition under

Chapter 7 of the Bankruptcy Code [ECF #1].

A.      Also on the Petition Date, the Debtors filed their Schedules of Assets and

Liabilities and Statement of Financial Affairs [ECF #1] (the "Schedules") and identified on

Schedules A/B the Debtors' interests in personal property, including: ((i) a 1997 Jaguar X-J Series with a scheduled value of $2,025 (the "Jaguar"); (ii) a 2006 Land Rover Range Rover with a scheduled value of $8,075 (the "Land Rover," and together with the Jaguar, the "Vehicles"); (iii) household goods and furnishings with an aggregate scheduled value of $1,000; (iv) miscellaneous household electronics with an aggregate scheduled value of $200; (v) clothing with an aggregate scheduled value of $250; (vi) jewelry with an aggregate scheduled value of $100; (vii) cash on hand of $40; (viii) a checking account with account number ending 8942 with a scheduled value of $100; (ix) a checking account with account number ending 7866 with a scheduled value of $78.00 (items (i) through (ix) referred to collectively as the "Personal Property").

2.      The Debtors claimed all of their Personal Property exempt on their Schedule C (the "Claimed Exemptions").

3.      The meeting of creditors under Section 341 of the Bankruptcy Code was held and concluded on June 7, 2017 at 3:30 p.m. [ECF #2, #11].

4.      The Trustee and her professionals reviewed the Debtors' Schedules and additional documents and records provided by the Debtors.

5.      On June 30, 2017, the Trustee filed the *Chapter 7 Trustee's (I) Objection to Debtors' Claimed Exemptions and Scheduled Valuations on Personal Property and (II) Motion for Turnover of Non-Exempt Personal Property* [ECF #23] (the "Objection"), asserting that the Trustee believed the value of the Debtors' personal property may have been undervalued on the Debtors' Schedules, objecting to any and all personal property claimed as exempt by the Debtors that exceeds the exemption limits allowable under Florida law, and seeking turnover of all personal property in excess of the maximum allowable exemptions under Florida law.

2

6.      Thereafter, the Trustee employed Martin Claire and Martin Claire & Co., LLC [ECF #26] to conduct an appraisal of the Debtors' residence and vehicles, the results of which indicate that the value of the Debtors' Personal Property exceeds the scheduled values of such property.

7.      On July 21, 2017, the Bankruptcy Court entered an *Order (I) Sustaining Trustee's Objection to Debtors' Claimed Exemptions and Scheduled Valuations and (II) Granting Motion for Turnover of Non-Exempt Personal Property* [ECF #33] (the "Exemptions Order"), sustaining the Objection, providing that the Debtors' allowed exemptions in personal property shall be limited to the fair market value of such property as of the Petition Date up to $5,000 per Debtor and the $1,000 vehicle exemption per Debtor permitted under Florida law, and providing that the Parties would have 30 days from the date of the Exemptions Order to enter into a stipulation reflecting the Parties' agreement as to the repurchase of the over exempt value of the Debtors' scheduled Personal Property.

8.      The Parties did not reach an agreement regarding the Debtors' repurchase of the over exempt value of the Debtors' Personal Property within 30 days of the entry of the Exemptions Order and therefore, on August 22, 2017, the Trustee filed a *Certificate of Contested Matter and Request for Evidentiary Hearing* [ECF #36], requesting an evidentiary hearing on the Objection.

9.      On September 27, 2017 the Court entered the *Agreed Order (I) Sustaining Trustee's Objection to Debtors' Claimed Exemptions and Scheduled Valuations and (II) Granting Motion for Turnover of Non-Exempt Personal Property* [ECF #41], canceling the evidentiary hearing on the Objection scheduled for that date, and indicating that the Parties had

3

reached an agreement regarding the Debtors' repurchase of the over exempt value of their Personal Property and would enter into a stipulation reflecting such settlement.

**B. The Settlement Agreement**

10.     The Trustee and the Debtor have agreed to settle the Trustee's claims regarding the Debtor's non-exempt Personal Property pursuant to the terms set forth in the Settlement Agreement attached hereto as **Exhibit "A"** in order to allow the Debtors to retain their Personal Property and to avoid the uncertainties, expense, and delay of potential litigation, turnover, and liquidation of the Debtor's non-exempt Personal Property (the "Settlement").

11.     Pursuant to the Settlement Agreement,[1] the Debtors shall pay the Trustee in the form of a money order or cashier's check made payable to "Jacqueline Calderin, Trustee," the total sum of Eleven Thousand One Hundred and Eighty-Four Dollars and 00/100 ($11,184.00) (the "Settlement Amount"), inclusive of bank charges, as follows: in 12 monthly installments of $932.00 beginning October 15, 2017, with all subsequent payments due on or before the fifteenth of each month thereafter (collectively the "Payments") until the Settlement Amount has been paid in full.  The Settlement Amount shall be allocated to the Debtors' Personal Property as follows:

| Schedule | Description | Amount |
|---|---|---|
| A/B Item #3 | Vehicles | $5,000 |
| A/B Item #6 | Household goods and furnishings | $5,404 |
| A/B Item #7 | Electronics | $300 |
| A/B Item #11 | Clothes | $280 |
| A/B Item #12 | Jewelry | $200 |

Additionally, the Debtors shall: (i) maintain the Vehicle(s) fully insured until such time as all Payments under the Agreement have been satisfied in full; and (ii) immediately add the Trustee

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.  In the event of any discrepancy or inconsistency between the Settlement Agreement and the summary of the Settlement Agreement set forth in this Motion, the terms of the Settlement Agreement shall govern.

4

as "loss payee" on the Vehicles' insurance policies and provide proof thereof to the Trustee.

12.    Pursuant to the Settlement Agreement, the Debtors pledge and grant to the Trustee a security interests in the Vehicles (the "Collateral") to secure the Debtors' payment obligations under the Settlement Agreement, and the Debtors represent and warrant that they have full authority to grant the security interest in the Collateral.  In addition to the Settlement Amount, within 10 days after the entry of the Final Order, the Debtors shall provide to the Trustee: (a) the completed original Application for Notice of Lien to be provided to the Debtors by the Trustee, and (b) $82.75, if a paper title is turned over to the Trustee, or $86.75, if a paper title is lost, in the form of a money order or cashier's check made payable to "Sweetwater Auto Tag Agency, Inc." to the Trustee (the "Security Payment").  The Debtors further agree to: (a) maintain full liability and property damage insurance on the Collateral until the Settlement Amount is paid in full; and (b) name "Jacqueline Calderin, Trustee" as loss payee and additional insured on the insurance policy for the Collateral and to provide the Trustee with a Certificate of Insurance evidencing coverage within 10 days of entry of an Order approving the Settlement Agreement.  Upon the lapse of any policy covering the Collateral, the Debtors shall immediately reinstate the insurance policy or obtain a new policy and provide the Trustee with the reinstatement notice or a copy of the new policy.

13.    Under the terms of the Settlement Agreement, if the Debtors default in timely making the Payments or otherwise default in any other provision set forth in the Settlement Agreement, the Trustee shall notify the Debtors of such default immediately in writing by U.S. mail or email to counsel for the Debtors.  If the Debtors do not cure the default within five days of such written notice by the Trustee, the Trustee shall be entitled to (i) entry of a final judgment against the Debtors for the Settlement Amount, less any amounts actually collected by the

5

Trustee, and the Trustee's reasonable fees and costs incurred in enforcing the Settlement Agreement upon motion and notice; (ii) seek turnover of the Debtors' personal property to the extent such property exceeds the Debtors' allowable exemptions under applicable Florida law; and (iii) seek revocation of Debtors' discharge by motion pursuant to Bankruptcy Rule 9024, and the Debtor explicitly waives the requirement of an adversary proceeding for such matter. Moreover, should any of the Debtors' material representations (or potential material inadvertent omissions) and warranties contained in the Settlement Agreement be untrue, the Settlement may be deemed void and the Trustee may proceed against the Debtors' Personal Property including, but not limited to, the non-exempt value of all Personal Property the Debtors have claimed as exempt for the remainder of the amount due and owing under the Settlement Agreement.

## RELIEF REQUESTED AND BASIS THEREFOR

14.     By this Motion, the Trustee requests entry of an order approving the Settlement Agreement. The Settlement Agreement should be approved because the Settlement Amount will provide a distribution to creditors that would not otherwise be available without the costs to the creditors or the estate otherwise associated with recovery of the value of the Debtors' non-exempt assets, and the expense and uncertainties of litigation. As such, the Settlement Agreement is fair and equitable and is in the best interests of the estate and its creditors.

15.     Pursuant to Bankruptcy Rule 9019(a), the Court may approve a compromise or settlement. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* The legal standard for approval of

settlements in the Eleventh Circuit is outlined in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990). *Justice Oaks* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.*

16.     The Trustee submits that the Settlement Agreement is well within the "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks*. Although the Trustee believes that she would be successful in any contested proceedings regarding the value of the Debtor's Personal Property, the cost and delay of pursuing such litigation would outweigh the economic benefit to the estate. Moreover, the Trustee would incur additional costs if she were to obtain turnover of and liquidate the Debtor's non-exempt Personal Property, which process would diminish and delay distributions to creditors. The Settlement Amount will provide a distribution to creditors without the costs associated with recovery of the value of the Debtors' non-exempt assets and the expense and uncertainties of litigation, turnover, and liquidation. Thus, the Trustee believes that the Settlement Agreement, which provides value for creditors and avoids costly litigation and other expenses associated with turnover and liquidation, is reasonable, in the best interests of the estate and creditors, and satisfies the *Justice Oaks* standard.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com**

17.    In addition to approval of the Settlement Agreement, the Trustee seeks a finding from the Court that notice upon all appearances of record, creditors who have filed proofs of claim or who have asserted an interest in the Debtors' estate, is sufficient notice to parties pursuant to Local Rule 2002-1.

**WHEREFORE** the Trustee respectfully requests that the Court enter an order in the form attached hereto as **Exhibit "B"** (a) approving the Settlement Agreement and (b) granting any further relief as the Court deems appropriate.

EHRENSTEIN CHARBONNEAU CALDERIN
**Counsel for the Chapter 7 Trustee**
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002
www.ecclegal.com

By: _____
Tamara Van Heel
Florida Bar No: 107107
tvh@ecclegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and via U.S. Mail to the parties on the attached Creditor Matrix on October ___23___, 2017.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
**Counsel for the Chapter 7 Trustee**
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002
www.ecclegal.com

By: _____
Tamara Van Heel
Florida Bar No: 107104
tvh@ecclegal.com

Label Matrix for local noticing
113C-1
Case 17-15581-AJC
Southern District of Florida
Miami
Mon Jun 12 12:35:50 EDT 2017

11 Bright House Networks
PO Box 118288
Carrollton, TX  75011-8288

Credit Mgmt
4200 International Pkwy
Carrollton, TX  75007-1912

First Federal Credit C
24700 Chagrin Blvd
Cleveland, OH 44122-5662

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Ocwen Loan Servicing L
12650 Ingenuity Dr
Orlando, FL  32826-2703

Office of the US Trustee
51 S.W. 1st Ave
Suite 1204
Miami, FL 33130-1614

Spine Inc. Vascular A
24700 Chagrin Blvd Ste 205
Cleveland, OH  44122-5630

Wells Fargo
PO Box 14517
Des Moines, IA  50306-3517

Frank Pierre
10175 Collins Ave
Apt 808
Bal Harbour, FL 33154-1638

Jacqueline Calderin
1501 Venera Ave Ste 300
Miami, FL 33139

Stan L Riskin
20801 Biscayne Blvd # 506
Aventura, FL 33180-1400

Yola Pierre
10175 Collins Ave
Apt 808
Bal Harbour, FL 33154-1638

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients     13
Bypassed recipients      1
Total                   14

**Exhibit "A"**
(Settlement Agreement)

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereafter, the "Agreement") is made and entered into by and between (i) Frank Pierre and Yola Pierre (together, the "Debtors") and (ii) Jacqueline Calderin, the Chapter 7 Trustee (the "Trustee," and together with the Debtors, the "Parties," and each a "Party") for the Debtors' bankruptcy estate.

## RECITALS

A.      On May 2, 2017 (the "Petition Date"), the Debtors filed a voluntary petition (the "Petition") under Chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), commencing the bankruptcy case styled *In re Frank Pierre and Yola Pierre*, Case No.: 17-15581-AJC (the "Bankruptcy Case").

B.      Also on the Petition Date, the Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs [ECF #1] (the "Schedules") and identified on Schedules A/B the Debtors' interests in personal property, including: (i) a 1997 Jaguar X-J Series with a scheduled value of $2,025 (the "Jaguar"); (ii) a 2006 Land Rover Range Rover with a scheduled value of $8,075 (the "Land Rover," and together with the Jaguar, the "Vehicles"); (iii) household goods and furnishings with an aggregate scheduled value of $1,000; (iv) miscellaneous household electronics with an aggregate scheduled value of $200; (v) clothing with an aggregate scheduled value of $250; (vi) jewelry with an aggregate scheduled value of $100; (vii) cash on hand of $40; (viii) a checking account with account number ending 8942 with a scheduled value of $100; (ix) a checking account with account number ending 7866 with a scheduled value of $78.00 (items (i) through (ix) referred to collectively as the "Personal Property").

C.      The Debtors claimed all of their Personal Property exempt on their Schedule C

1

Initials: _____   _____

(the "Claimed Exemptions").

D.    The Trustee and her professionals reviewed the Debtors' Schedules and additional documents and records provided by the Debtors.

E.    On June 30, 2017, the Trustee filed the *Chapter 7 Trustee's (I) Objection to Debtors' Claimed Exemptions and Scheduled Valuations on Personal Property and (II) Motion for Turnover of Non-Exempt Personal Property* [ECF #23] (the "Objection"), asserting that the Trustee believed the value of the Debtors' personal property may have been undervalued on the Debtors' Schedules, objecting to any and all personal property claimed as exempt by the Debtors that exceeds the exemption limits allowable under Florida law, and seeking turnover of all personal property in excess of the maximum allowable exemptions under Florida law.

F.    Thereafter, the Trustee employed Martin Claire and Martin Claire & Co., LLC [ECF #26] to conduct an appraisal of the Debtors' residence and vehicles, the results of which indicate that the value of the Debtors' Personal Property exceeds the scheduled values of such property.

G.    On July 21, 2017, the Bankruptcy Court entered an *Order (I) Sustaining Trustee's Objection to Debtors' Claimed Exemptions and Scheduled Valuations and (II) Granting Motion for Turnover of Non-Exempt Personal Property* [ECF #33] (the "Exemptions Order"), sustaining the Objection, providing that the Debtors' allowed exemptions in personal property shall be limited to the fair market value of such property as of the Petition Date up to $5,000 per Debtor and the $1,000 vehicle exemption per Debtor permitted under Florida law, and providing that the Parties would have 30 days from the date of the Exemptions Order to enter into a stipulation reflecting the Parties' agreement as to the repurchase of the over exempt value of the Debtors' scheduled Personal Property.

Initials: _____  _____  _____                    2

H.    The Parties did not reach an agreement regarding the Debtors' repurchase of the over exempt value of the Debtors' Personal Property within 30 days of the entry of the Exemptions Order and therefore, on August 22, 2017, the Trustee filed a *Certificate of Contested Matter and Request for Evidentiary Hearing* [ECF #36], requesting an evidentiary hearing on the Objection.

I.    On September 27, 2017 the Court entered the *Agreed Order (I) Sustaining Trustee's Objection to Debtors' Claimed Exemptions and Scheduled Valuations and (II) Granting Motion for Turnover of Non-Exempt Personal Property* [ECF #41], canceling the evidentiary hearing on the Objection scheduled for that date, and indicating that the Parties had reached an agreement regarding the Debtors' repurchase of the over exempt value of their Personal Property and would enter into a stipulation reflecting such settlement.

J.    The Parties have conferred to discuss their respective positions regarding the Debtors' Claimed Exemptions and ascribed valuations of the Personal Property, and have otherwise negotiated in good faith.  The Parties have agreed to settle the Trustee's claims with respect to the Debtors' non-exempt Personal Property in order to allow the Debtors to retain their Personal Property and to avoid the uncertainties, expense, and delay of litigation, turnover, and liquidation of the Debtors' non-exempt Personal Property (the "Settlement").

NOW, THEREFORE, in consideration of the foregoing facts and the terms, agreements, representations, and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.    Recitals.  The foregoing recitals are true and correct and are incorporated into this Agreement.

Initials: _____ _____ _____                3

2.    Approval.  The Parties acknowledge and agree that this Agreement is subject to the approval of the Bankruptcy Court and is not binding until a final, non-appealable order has been entered by the Bankruptcy Court (the "Final Order").  Following the execution of this Agreement, the Trustee shall file a motion pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the Bankruptcy Court's approval of this Agreement.

3.    Payment.  The Debtors shall pay to the Trustee in the form of a money order or cashier's check made payable to "Jacqueline Calderin, Trustee," the sum of Eleven Thousand One Hundred and Eighty-Two Dollars and 00/100 ($11,184.00) (the "Settlement Amount"), inclusive of bank charges, as follows: in 12 monthly installments of $932.00 beginning October 15, 2017, with all subsequent payments due on or before the fifteenth of each month thereafter (collectively the "Payments") until the Settlement Amount has been paid in full.  The Settlement Amount shall be allocated to the Debtors' Personal Property as follows:

| Schedule | Description | Amount |
|---|---|---|
| A/B Item #3 | Vehicles | $5,000 |
| A/B Item #6 | Household goods and furnishings | $5,404 |
| A/B Item #7 | Electronics | $300 |
| A/B Item #11 | Clothes | $280 |
| A/B Item #12 | Jewelry | $200 |

The Payments shall be delivered to Trustee's counsel's office at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131. **The check must clearly state the name of the Debtors and the case number**.  Additionally, the Debtors shall: (i) maintain the Vehicle(s) fully insured until such time as all Payments under the Agreement have been satisfied in full; and (ii) immediately add the Trustee as "loss payee" on the Vehicles' insurance policies and provide proof thereof to the Trustee.

Initials: _____  _____  _____        4

4.    Security Interest. The Debtors pledge and grant to the Trustee a security interests in the Vehicles (the "Collateral") to secure the Debtors' payment obligations under Paragraph 3 of this Agreement, and the Debtors represent and warrant that they have full authority to grant the security interest in the Collateral. The Debtors shall cooperate in executing and providing to the Trustee any documents reasonably necessary to effectuate and perfect such security interests and to pay all necessary fees and costs to perfect the security interests provided for in this Paragraph, including the costs provided for in this Paragraph. In addition to the Settlement Amount, within 10 days after the entry of the Final Order, the Debtors shall provide to the Trustee: (a) the completed original Application for Notice of Lien to be provided to the Debtors by the Trustee, and (b) $82.75, if a paper title is turned over to the Trustee, or $86.75, if a paper title is lost, in the form of a money order or cashier's check made payable to "Sweetwater Auto Tag Agency, Inc." to the Trustee (the "Security Payment"). The Debtors further agree to: (a) maintain full liability and property damage insurance on the Collateral until the Settlement Amount is paid in full; and (b) name "Jacqueline Calderin, Trustee" as loss payee and additional insured on the insurance policies for the Collateral and to provide the Trustee with a Certificate of Insurance evidencing coverage within 10 days of entry of the Final Order. Upon the lapse of any policy covering the Collateral, the Debtors shall immediately reinstate the insurance policy or obtain a new policy and provide the Trustee with the reinstatement notice or a copy of the new policy.

5.    No Action. Upon (i) entry of the Final Order by the Bankruptcy Court approving this Agreement and (ii) receipt of the full Settlement Amount by the Trustee, the Trustee agrees that she shall not commence an action seeking turnover of any of the Debtors' Personal Property.

6.    Default. If the Debtors default in timely making the payments under Paragraph 3

Initials: _____    _____    _____    5

as set forth above, or otherwise default in any other provision set forth in this Agreement, the Trustee shall notify the Debtors of such default immediately in writing by U.S. mail or email to counsel for the Debtors.  If the Debtors do not cure the default within five days such written notice by the Trustee, the Trustee shall be entitled to (i) entry of a final judgment against the Debtors for the Settlement Amount, less any amounts actually collected by the Trustee,  and the Trustee's reasonable fees and costs incurred in enforcing the Agreement upon motion and notice; (ii) challenge the Debtors' Claimed Exemptions and seek turnover of the Debtors' personal property to the extent such property exceeds the Debtors' allowable exemptions under applicable Florida law; and (iii) seek revocation of Debtors' discharge by motion pursuant to Bankruptcy Rule 9024, and the Debtors explicitly waive the requirement of an adversary proceeding for such matter.  Moreover, should any of the Debtors' material representations (or potential material inadvertent omissions) and warranties contained herein be untrue, this Settlement may be deemed void and the Trustee may proceed against the Debtors' Personal Property including, but not limited to, the non-exempt value of all Personal Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein.

7.    <u>Representations</u>.  As part of this Settlement, the Debtors represent and warrant that: (1) all information contained in the Debtors' Petition, Schedules, and all amendments thereto (collectively, the "<u>Pleadings</u>") is true and correct; (2) the Pleadings contain no misrepresentations or omissions; (3) all information and documentation provided to the Trustee (collectively, the "<u>Documents</u>") are true and correct; and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtors have failed to disclose any additional assets in their Pleadings, this Settlement shall not affect the Trustee's right to seek turnover of such assets or to avail herself of the remedies provided under the Bankruptcy Code.

Initials: _____ _____ _____                    6

8.    <u>Mutual Release</u>.   Upon entry of the Final Order, the Debtors will release and discharge the Trustee, her attorneys, and other professionals (in their capacities as representatives of the Trustee), her employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on her behalf or at her discretion or control, from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of, or related to the Bankruptcy Case or this Agreement.   In addition, upon entry of the Final Order and after full payment of the Security Payment and the Settlement Amount by the Debtors, the Trustee will release and discharge the Debtors and their professionals, employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on the Debtors' behalf or at their discretion or control, from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of, or related to the Debtor's Personal Property and Claimed Exemptions.

9.    <u>Binding on Successors, Assigns, and Others</u>.   This Agreement and the covenants and conditions contained herein shall apply to be jointly and severally binding upon the Parties and their respective heirs, executors, administrators, conservators, plan administrators, agents, trustees, legal representatives, servants, employees, committees, beneficiaries, predecessors, successors, attorneys, insurers, transferees, and assigns.

10.    <u>Reinstatement of Proceedings</u>.   If this Agreement is not approved by the Bankruptcy Court, (i) the Parties shall possess all claims, rights, and defenses that they possessed prior to executing this Agreement; and (ii) the Trustee shall be entitled to immediate turnover of all non-exempt assets or the value thereof and to enforce the Exemptions Order.

11.    <u>Attorneys' Fees and Costs</u>.   Each party shall bear its own costs, expenses, and attorneys' fees incurred to date in connection with the Bankruptcy Case, including, but not

Initials: _____   _____   _____        7

limited to, the preparation and filing of this Agreement.

12.    Advice of Counsel.  The Parties acknowledge that they have been represented by counsel of their own choice or given the opportunity to be represented by counsel in the negotiations leading up to the execution of this Agreement.  The Parties further represent that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Agreement, and each Party has had or had the opportunity to have the Agreement fully explained to them by its counsel and understands the terms and provisions of this Agreement and its nature and effect.  Each Party further represents that it is entering into this Agreement freely and voluntarily, and not relying on the representation of any other Party or of counsel for any other Party.

13.    Entire Understanding.  This Agreement has been prepared after negotiations between the Parties and contains the entire understanding and agreement between and among the Parties with respect to the matters herein referenced.  No other representations, covenants, undertakings, or other prior or contemporaneous agreements, whether verbal or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the Parties hereto.  The Parties further acknowledge that neither Party has executed this Agreement in reliance on any promise, representation, or warranty not expressly contained in this Agreement.

14.    Counterparts.  This Agreement may be executed in several counterparts, all of which shall constitute one agreement, which agreement shall be binding upon all Parties notwithstanding that all Parties' signatures do not appear on the same page.  Any signature in counterpart provided via email on this Agreement shall be deemed an original signature.

15.    Governing Law.  This Agreement will be interpreted and construed under the

8

Initials:

laws of the State of Florida regardless of the domicile of any party, and will be deemed for such purposes to have been made, executed, and performed in the State of Florida.

16.    <u>Construction</u>.    This Agreement shall be construed as if the Parties jointly participated in the preparation of this Agreement, and any uncertainty and/or ambiguity shall not be interpreted against any one Party.

17.    <u>Jurisdiction and Venue</u>.  The United States Bankruptcy Court for the Southern District of Florida, Miami Division, shall retain jurisdiction to enforce the terms of this Agreement.  Venue relating to this Agreement shall be proper in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

18.    <u>Notices</u>.    All demands, notices, requests, or other communications required or permitted hereby shall be in writing, and shall be deemed to have been given (i) when hand delivered to the applicable addresses provided below, (ii) on first attempted delivery at the applicable addresses provided below by United States certified mail or a reputable delivery service that is able to track the delivery of such notices or communications, (iii) when received via email at the applicable email addresses provided below, or (iv) at such different address or email addresses as the Trustee or the Debtors shall hereafter specify by written notice as provided herein.

    If to Trustee:

        Tamara Van Heel, Esq.
        Ehrenstein Charbonneau Calderin
        501 Brickell Key Drive, Ste. 300
        Miami, Florida 33131
        T. 305.722.2002
        tvh@ecclegal.com

    If to the Debtor:

Initials: _____  _____  _____                    9

Stan Riskin, Esq.
Advantage Law Group, P.A.
20801 Biscayne Blvd., Ste 506
Aventura, Florida 33180-1400
stan.riskin@gmail.com

19.     Authority.  Each Party to this Agreement hereby represents and warrants that it has full authority and power to execute, deliver, and perform this Agreement and to consummate all of the transactions herein contained.

20.     Time of the Essence.  Time is declared to be of the essence with respect to this Agreement and to every part hereof.

21.     No Admission of Liability.   Each Party understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation, and that the promises made in consideration of this Agreement shall not be construed to be an admission of any liability or facts whatsoever by any Party.  By executing this Agreement, the Parties expressly deny any liability or fault related to their dispute.

22.     Modification.   No waiver or modification of a term or condition of this Agreement shall be valid or binding, unless it is in writing and executed by each of the Parties to this Agreement.

IN WITNESS WHEREOF, the Parties hereto have agreed to the terms set forth herein.

Date: October 19th , 2017    _____
By: Frank Pierre

Date: October 19th , 2017    _____
By: You Pierre

10

Initials: _____

Date: _____, 2016    _____

                                    By: Jacqueline Calderin, Chapter 7 Trustee

Initials: _____  _____  _____

11

**Exhibit "B"**
(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                                    Case No.: 17-15581-AJC

FRANK PIERRE AND YOLA PIERRE,                    Chapter 7
     Debtors.                      /

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN**
**JACQUELINE CALDERIN, TRUSTEE AND THE DEBTORS**

THIS MATTER came before the Court upon the motion of Jacqueline Calderin, Chapter

7 Trustee (the "Trustee") of the bankruptcy estate of Frank Pierre and Yola Pierre (together, the

"Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local

Rules 9013-1(D) and 9019-1, to approve the Settlement Agreement[1] entered into by and between

the Trustee and the Debtors [ECF #    ] (the "Motion"), the movant by submitting this form of

order having represented that the Motion was served on all parties required by Bankruptcy Rule

2002 or Local Rule 2002-1(H), (I) or (J), that the 21-day response time provided by Local Rule

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

9013-1(D) has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion; and the Court, having reviewed the Motion, having taken judicial notice of the Court record in its entirety, finds that sufficient and proper notice of the Motion was served on creditors and parties in interest, that the Settlement Agreement is reasonable and in the best interests of creditors and that estate, and finding good cause to approve the Settlement Agreement, accordingly, the Court **ORDERS** as follows:

      1.      The Motion is **GRANTED.**

      2.      The Settlement Agreement attached to the Motion as Exhibit "A" is **APPROVED**.

      3.      The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement Agreement.

      4.      The Debtors shall pay to the Trustee in the form of a money order or cashier's check made payable to "Jacqueline Calderin, Trustee," the sum of Eleven Thousand One Hundred and Eighty-Four Dollars and 00/100 ($11,184.00) (the "Settlement Amount"), inclusive of bank charges, as follows: in 12 monthly installments of $932.00 beginning October 15, 2017, with all subsequent payments due on or before the fifteenth of each month thereafter (collectively the "Payments") until the Settlement Amount has been paid in full. The Settlement Amount shall be allocated to the Debtors' Personal Property as follows:

| Schedule | Description | Amount |
|---|---|---|
| A/B Item #3 | Vehicles | $5,000 |
| A/B Item #6 | Household goods and furnishings | $5,404 |
| A/B Item #7 | Electronics | $300 |
| A/B Item #11 | Clothes | $280 |
| A/B Item #12 | Jewelry | $200 |

The Payments shall be delivered to Trustee's counsel's office at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131. **The check must clearly state the name of the Debtors and the case number.** Additionally, the Debtors shall: (i) maintain the Vehicle(s) fully insured until such time as all Payments under the Agreement have been satisfied in full; and (ii) immediately add the Trustee as "loss payee" on the Vehicles' insurance policies and provide proof thereof to the Trustee.

5.     The Debtors pledge and grant to the Trustee a security interests in the Vehicles (the "Collateral") to secure the Debtors' payment obligations under Paragraph 3 of the Settlement Agreement.  The Debtors shall cooperate in executing and providing to the Trustee any documents reasonably necessary to effectuate and perfect such security interests and to pay all necessary fees and costs to perfect the security interests provided for in this Paragraph, including the costs provided for in this Paragraph.  In addition to the Settlement Amount, within 10 days after the entry of this Order, the Debtors shall provide to the Trustee: (a) the completed original Application for Notice of Lien, and (b) $82.75, if a paper title is turned over to the Trustee, or $86.75, if a paper title is lost, in the form of a money order or cashier's check made payable to "Sweetwater Auto Tag Agency, Inc." to the Trustee.  The Debtors shall (a) maintain full liability and property damage insurance on the Collateral until the Settlement Amount is paid in full; and (b) name "Jacqueline Calderin, Trustee" as loss payee and additional insured on the insurance policies for the Collateral and to provide the Trustee with a Certificate of Insurance evidencing coverage within 10 days of entry of this Order.  Upon the lapse of any policy covering the Collateral, the Debtors shall immediately reinstate the insurance policy or obtain a new policy and provide the Trustee with the reinstatement notice or a copy of the new policy.

3

6.      If the Debtors default in timely making any Payment under the Settlement Agreement, or otherwise default in any other provision set forth in this Agreement, the Trustee shall notify the Debtors of such default immediately in writing by U.S. mail or email to counsel for the Debtors.  If the Debtors do not cure the default within five days of such written notice by the Trustee, the Trustee shall be entitled to (i) entry of a final judgment against the Debtors for the Settlement Amount, less any amounts actually collected by the Trustee, and the Trustee's reasonable fees and costs incurred in enforcing the Agreement upon motion and notice; (ii) challenge the Debtors' Claimed Exemptions and seek turnover of the Debtors' personal property to the extent such property exceeds the Debtors' allowable exemptions under applicable Florida law; and (iii) seek revocation of Debtors' discharge by motion pursuant to Bankruptcy Rule 9024, and the Debtors explicitly waive the requirement of an adversary proceeding for such matter.

7.      The Court incorporates the terms of the Settlement Agreement into this Order and reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

# # #

Submitted by:
Tamara Van Heel
Florida Bar No.:  107104
tvh@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Attorneys for Jacqueline Calderin, Chapter 7 Trustee*
501 Brickell Key Drive, Suite #300
Miami, Florida 33131
T: 305.722.2002
www.ecclegal.com

(Copy furnished to Attorney Van Heel, who is directed to serve a copy of this Order upon all interested parties)