

**ORDERED in the Southern District of Florida on June 14, 2019.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Case No.: 17-15581-AJC |
| FRANK PIERRE AND YOLA PIERRE, | Chapter 7 |
| _____Debtors._____ / | |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN
TRUSTEE AND OCWEN LOAN SERVICING LLC**

THIS MATTER came before the Court upon the motion of Jacqueline Calderin, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Frank Pierre and Yola Pierre (together, the "Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rules 9013-1(D) and 9019-1, to approve the Settlement Agreement[1] entered into by and between the Trustee and Ocwen Loan Servicing, LLC ("Ocwen") [ECF #126] (the "Motion"), the movant by submitting this form of order having represented that the Motion was

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion.  The Court, having reviewed the Motion and having taken judicial notice of the Court record in its entirety, finds that no objections to the Motion have been filed, that sufficient and proper notice of the Motion was served on creditors and parties in interest, that the Settlement Agreement satisfies the standard for approval set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), and is reasonable and in the best interests of creditors and the estate, and that good cause exists to approve the Settlement Agreement.  Accordingly, the Court **ORDERS** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Settlement Agreement attached to the Motion as Exhibit "A" is **APPROVED**.

    3.    The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement Agreement.

    4.    Ocwen shall pay to the Trustee in the form of a check made payable to "Jacqueline Calderin, Trustee for the estate of Frank Pierre and Yola Pierre" the total sum of Twenty Thousand Dollars ($20,000.00) (the "Settlement Payment").  The Settlement Payment is payable in one lump sum and must be received by the Trustee no later than thirty (30) days after this Order approving the Settlement Agreement becomes a final, non-appealable Order and after Ocwen's receipt of a W-9 for the Trustee.  The Settlement Payment shall be delivered to the Trustee's counsel, Tamara Van Heel, Esq., AGENTIS PLLC, 55 Alhambra Plaza, Suite 800,

Coral Gables, Florida 33134.  The check must clearly state the name of the Debtors and the case number.

5.  Upon this Order becoming a final, non-appealable Order, and clearance of the full Settlement Payment in the Trustee's account, the Trustee shall dismiss the Adversary Proceeding with prejudice.

6.  If Ocwen does not timely make the Settlement Payment as set forth herein, or otherwise fails to comply with any of the obligations set forth in the Settlement Agreement, the Trustee shall notify Ocwen of such default via email to counsel for Ocwen.  If Ocwen does not cure the default on or before thirty (30) days after such written notice is sent by the Trustee, the Trustee shall be entitled to the immediate entry of a final judgment against Ocwen for the total amount of the Settlement Payment ($20,00.00) in the Adversary Proceeding, plus the Trustee's reasonable fees and costs incurred in enforcing the Settlement Agreement upon motion and notice, and Ocwen shall be deemed to have waived all defenses to the Adversary Proceeding and to the avoidance of and recovery of the Transfer by the Trustee as a consequence of its default

7.  The Court incorporates the terms of the Settlement Agreement into this Order and reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

# # #

**Submitted by:**
Tamara Van Heel
Florida Bar No.:  107104
tvh@agentislaw.com
AGENTIS PLLC
*Attorneys for Jacqueline Calderin, Chapter 7 Trustee*
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
T: 305.722.2002
www.agentislaw.com

(Copy furnished to Attorney Van Heel, who is directed to serve a copy of this Order upon all interested parties)